## Commonwealth v. Klass

*George J. Joseph*, District Attorney, and *William C. Wickhiser*, Assistant District Attorney, for Commonwealth.

*James L. Weirbach*, for defendant.

HENNINGER, P. J., July 9, 1963.—Defendant, in a motor vehicle collision, when asked for his identity, wrote on a piece of paper a fictitious name and handed this to the driver of the other car. Unfortunately for defendant, the other driver took his automobile license number and, upon investigation at City Hall in Allentown, found that defendant was the owner.

For some unexplained reason, Klass came to City Hall two days later, perhaps upon notice that his car had been involved in the accident. He first denied that his car had been so involved and then said that one Richard Alby had operated his car. Later, upon identification by the occupants of the other car, defendant admitted that he had been the driver of the car involved.

Defendant was simultaneously arrested for violation of city ordinance 9558 and of section 1027(b) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1027(b). He was fined $300 for violation of the city ordinance and was bound over for court on The Vehicle Code violation.

In court, defendant waived jury trial, admitted the facts above stated and pleaded autrefois convict because of the prior conviction of violation of the city ordinance.

To do justice in this case requires more than the wisdom of Solomon. After the city hall conviction with its maximum penalty compounded by imprisonment for 20 days until the fine was paid in full and imposed upon what may be a strained interpretation of its terms, one would like to adopt the judgment of a wiser and more merciful Judge, "Go and sin no more." Since, however, we are dealing with a legal proposition, we

are bound to apply the law to the facts and to pronounce judgment accordingly.

The simple answer to the plea of autrefois convict as shown by a glance at both enactments is that the violation of the city ordinance and that of The Vehicle Code are based upon two separate acts on defendant's part. The violation of the city ordinance is based upon false statements made to city police at City Hall; that of the code upon failure to identify himself by his furnishing of a fictitious name at the scene of the accident.

Ordinance 9558 of the City of Allentown in its pertinent part provides:

". . . it shall not be lawful for any person or persons to knowingly make, or cause to be made, any false report or misleading call or request for any of the services of the Police Department of the City."

The pertinent section of The Vehicle Code provides, in part:

"(b) The operator and owner, if present, of any vehicle involved in any accident, resulting in injury or death to any person or damage to property, shall give his name, address, and the registration number of his vehicle, and exhibit his operator's license to the person struck, or the operator or occupants of any vehicle involved, . . ."

It is obvious that the city ordinance violation could not have been based upon the failure of defendant to give his name and address to the operator of the other vehicle for that is based upon false or misleading reports to the police. It is just as obvious that the false report given at the police station could not be the basis of the prosecution for violation of The Vehicle Code provision requiring disclosure of identity at the scene of the accident.

Section 1215(a) and (b) of The Vehicle Code, 75 PS §1215(a) and (b), cited by defense counsel, is intended to forestall municipalities which attempt by or-

dinance to appropriate to themselves the jurisdiction given to the State by The Vehicle Code. Section 1215 (b) provides that any prosecution brought under any such ordinance shall be deemed as having been brought under the code "and the disposition of the fines and forfeitures shall be so governed."

Had the city prosecuted and convicted defendant for failing to identify himself at the scene, there might be merit in the plea of autrefois convict, although if that were true, city police would frustrate the enforcement of state laws by making a summary conviction out of an indictable offense. This it clearly cannot do.

We are not concerned with the question whether the State is entitled to the fine imposed for the violation of the ordinance; that is a matter for the consideration of the Attorney General. Nor are we concerned with the propriety of the conviction under the city ordinance; the time to test its validity has long since passed.

Our sole concern and the decisive factor in this case is that the city conviction and the Commonwealth indictment are based upon two separate and distinct acts on the part of defendant, and of this there is no doubt.

Now, July 9, 1963, defendant Thomas R. Klass is adjudged guilty of violation of section 1027 (b) of The Vehicle Code of Pennsylvania as charged and it is ordered that he appear before this court for imposition of sentence at 9:30 a.m., EDST, on Tuesday, July 16, 1963.